FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SEP 2 1 2004

PATRICK DeHERRERA,

    Petitioner,

**CLERK**

v.

Civ. No. 03-1020 MCA/RLP

TIM LeMASTER,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a term of life imprisonment pursuant to the Judgment, Sentence, and Commitment entered in *State v. DeHerrera*, CR. 00-00570, in the Second Judicial District Court (County of Bernalillo), State of New Mexico, entered on November 8, 2000. Answer [Doc. 12], Exhibit B.[2] Pursuant to a jury verdict, Petitioner was convicted of several crimes including first degree felony murder. See Exhibit B.

2.    A review of Respondent's Answer, Motion to Dismiss and the record submitted by both parties indicates that some of Petitioner's claims are procedurally defaulted. Respondent argues that procedural default requires dismissal of the entire

---

[1] Within ten (10) days after a party is served with a copy of this Proposed Findings and Recommended Disposition (hereinafter "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

[2] An Amended Judgment was apparently entered in May, 2002, stating that all of the dates for the charges in the original Judgment should read "1999" and not "2000." Exhibit A to Answer.



petition. That is an incorrect statement of the law. Procedural default, unlike a failure to exhaust, is not a bar to the entire petition. See, e.g., *Hawkins v. Hargett*, 28 Fed.Appx. 837 (10th Cir. 2001) (unpublished opinion). There does exist, however, a complete bar to the petition: the one year limitation period imposed by 28 U.S.C. 2244(d)(1) -- an issue not even raised by Respondent. Because the events surrounding the procedural default and the one year limitation period are intertwined, the court will first outline the procedural history of this case.

3. On November 27, 2000 counsel who had represented Petitioner at trial filed a Notice of Appeal. Exhibit C. A "Statement of Issues," Exhibit D, was filed by trial counsel on December 21, 2000. That Statement listed 16 grounds for appeal, including counsel's own ineffective assistance. Exhibit D. Attached to the Statement is an Order appointing the New Mexico State Public Defender's Office to represent Petitioner. That Order was signed by the court and entered on November 27, 2000. Appointed counsel filed its appeal almost one year later, on September 6, 2001. Exhibit E. Nine issues were raised, but ineffective assistance of counsel was not among them.

4. On March 6, 2002, the New Mexico Supreme Court (NMSC) issued its opinion affirming the convictions. Exhibit H. On February 20, 2003, Petitioner filed a Petition for Writ of Habeas Corpus in state court raising, *inter alia*, ineffective assistance of counsel. Exhibit J. The court dismissed the petition, writing that all of the substantive issues had been raised on direct appeal and that there were no grounds to support a finding of ineffective assistance of counsel. Exhibit K. That document's entry date is unreadable. The second page of the Order, however, certifies that copies of the Order

were sent to Petitioner, the District Attorney, the Attorney General, and the Public Defender on May 5, 2003. Exhibit K, page 2.

5.The record next contains the Petition for Writ of Certiorari, Exhibit L. It is neither file stamped nor dated. However, under "Questions Presented for Review," page 1, Petitioner writes that "after repeated requests for a copy of my habeas petition one was finally sent to me on July 1, 2003. Prior to this I had been told that no habeas petition was filed in my name." *Id.* By letter dated August 4, 2003, the Chief Deputy Clerk for the Supreme Court of New Mexico informed Petitioner that the writ of certiorari was received on August 4 and was untimely because it should have been filed "on or before May 9, 2003." Exhibit M.

6.Exhibit N is a copy of the State District Court docket. The first entry shows that Petitioner's petition for writ of habeas corpus was filed on February 20, 2003 and summarily dismissed on April 9, 2003.

7.In this case, Petitioner filed a Motion for Extension of Time [Doc. 13][3], with three exhibits attached. Exhibit 1 is a form from the Second Judicial District Court which states that "We have not received a habeas corpus as of 5-28-03." However, Petitioner also attaches a letter that he wrote to the state court on June 16, 2003, which states that he had been told in May that his petition was denied and he attached a photocopy of the

---

[3] It was unclear from the face of that Motion whether he was requesting additional time to respond to the Motion to Dismiss [Doc. 10], or whether he was asking for additional time to file his petition for writ of certiorari in state court. This court advised him that it had no jurisdiction with regard to state court filings, but he had until January 30, 2004 to submit additional documents, etc. in support of his federal petition. *See* Order [Doc. 14]. He has submitted no additional documents.

front page of the mailing envelope he received from the state court criminal division bearing a postmark of May 9, 2003, which is four days after the mailing certification referenced in ¶ 4, *supra*.

8. Based on the foregoing, it appears the New Mexico State District Court failed to timely notify the Petitioner that his petition for writ of habeas corpus had been denied. The docket reflected the entry date of April 9, 2002, but the order itself was not mailed until 30 days later, leaving Petitioner with no time to meet the NMSC's 30 day deadline of May 9, 2002. Petitioner himself compounded the error by delaying even longer, awaiting a copy of his petition, rather than acting upon the court's order of dismissal. This court's first inquiry concerns whether the petition filed in this court on September 2, 2003 is timely.

9. Section 2244(d)(1)(A) provides that the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Judgment was entered November 8, 2000 and the time was tolled until the NMSC issued its opinion on March 6, 2002, plus the 90 days available to Petitioner to seek review in the United States Supreme Court. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The time started running on June 6, 2002.

10. Petitioner sought collateral relief on February 20, 2003, having used 8 months and 14 days of his time. The time was tolled until the state district court entered its dismissal on April 9, 2003. In *Gibson v. Klinger*, 232 F.3d 799 (10th Cir. 2000), the court held that the limitation period would be tolled during the time for seeking discretionary review. *Id.* at 804. That period in New Mexico is 30 days. *See* SCRA 12-501(B) (the petition "shall be filed within 30 days of the district court's denial of the writ of habeas

4

corpus.). The issue here is whether the 30 days is assessed from April 9 or May 9. The state court entered its order on April 9, 2003 but Petitioner was not informed of the denial until May 9 -- the date his 30 days expired. If the 30 days is assessed from April 9, then the federal petition is time-barred; if it is assessed from the May 9th date, then his petition is timely.

11. This court concludes that the 30-day period should start on May 9 as a matter of equitable tolling, which is appropriate when "uncontrollable circumstances prevent a prisoner from timely filing . . . ." *Gibson*, 232 F.3d at 808.[4]

12. The same reasoning, however, does not apply to Petitioner's procedural default. Petitioner filed a direct appeal of his convictions; those issues have been exhausted. Petitioner raised the same issues in his state habeas proceeding, plus ineffective assistance of trial and appellate counsel. Contrary to Respondent's arguments, the only claims subject to a procedural bar are the ineffective assistance questions.

13. When Petitioner received notice that his petition for writ of certiorari was untimely, any new claims raised in his state habeas petition were procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). A federal court may not review defaulted issues if the default was on an independent and adequate state ground. "Independent" means exclusive of the federal claims and "adequate" means that the bar is evenhandedly applied. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citing *Coleman, supra*). Untimely filing of a petition rests on independent and adequate state

---

[4] By this determination, the court need not address the issue (presented in this case) of whether the failure to raise the statute of limitations waives that defense.

grounds. *Rowland v. Tansy*, 34 F.3d 1076, 1994 WL 416152, **2 (10th Cir. 1994) (unpublished opinion) (applying New Mexico court rules).

14. Petitioner can only survive this procedural bar if he can show "cause and prejudice" or a fundamental miscarriage of justice." *Steele*, 11 F.3d at 1521. "'Cause must be something external to the petitioner, something that cannot fairly be attributable to him." *Id.* at 1522.

14. As can be seen from the foregoing discussion, the state court caused, in part, the Petitioner's failure to timely file his petition for writ of certiorari, leaving him to procedurally default some of his claims. Nevertheless, Petitioner did not advise the NMSC that the state court did not mail his notice of dismissal until May 9, 2003. He had two opportunities to do so: first, when he received notice that his state habeas petition had been denied; and second, when he received notice that the NMSC had denied his writ as untimely. Instead of acting upon the dismissal, he kept waiting for a copy of the petition he had previously filed. The court therefore finds that all issues not raised on direct appeal have been procedurally defaulted.

15. Petitioner clearly raises three issues in his federal petition: (1) the state court's failure to grant his motion to suppress; (2) the state court's failure to grant his motion to sever his trial from his co-defendant's trial; and (3) the state court's limitation of Petitioner's cross-examination of a witness. All three of these grounds were raised on direct appeal as violations of Petitioner's constitutional rights.

16. It is unclear from the petition what other claims, if any, can be reviewed by this court. After listing these three claims, Petitioner asserts that he has 29 other claims --

6

and the court is directed to his petition for writ of certiorari. It is unclear from a reading of those claims whether they implicate constitutional rights which were raised on direct appeal (and which this court may entertain), or whether they are either non-constitutional claims or procedurally defaulted claims (neither of which this court may rule on). Because counsel was previously appointed to review the statute of limitation issue, the court recommends that the Motion to Dismiss be denied and that Petitioner's counsel determine which issues are properly before this court and file a brief on Petitioner's behalf.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Dismiss [Doc. 10] be denied. An Order setting a briefing schedule will issue directly.

Richard L. Puglisi
United States Magistrate Judge

7