FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 16 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK DeHERRERA,

    Petitioner,

v.                                                                                    Civ. No. 03-1020 MCA/RLP

TIM LeMASTER,

    Respondent.

## MAGISTRATE JUDGE'S SECOND PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.    On September 21, 2004 the court entered the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD I") [Doc. 24] recommending that Respondent's Motion to Dismiss [Doc. 10] be denied after counsel had been appointed for Petitioner [Doc. 15]. That recommendation was adopted by the district court judge [Doc. 29], after having received objections and conducting a *de novo* review of the record.

    2.    Respondent then filed an Alternative Motion to Dismiss Claim Two (the trial court's denial of the motion to sever) [Doc. 26], to which appointed counsel responded. Also pending is Petitioner's Motion for Leave to File Sur-Reply as to this Motion [Doc. 35] and the Surreply [Doc. 36]. For the reasons set forth below, I recommend that both Motions be granted.

---

[1] Within ten (10) days after a party is served with a copy of this Proposed Findings and Recommended Disposition (hereinafter "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

39

3. After the jury found him guilty, Petitioner filed a "Statement of Issues" with the New Mexico Supreme Court ("NMSC") on December 21, 2000. Exhibit D to Answer. The Statement identified 16 issues to be brought on appeal. *Id.* The appellate brief was filed nine months later and raised nine issues, eight of which had been listed in the Statement.[2] *See* Exhibit E.

4. Of the nine claims argued on appeal only four of them were identified as federal claims: the trial court's denial of the motion to suppress; the trial court's improper limiting of cross-examination of a witness; the trial court's treatment of co-counsel; and cumulative error. All other claims were raised solely as state law claims. *Id.*

5. The NMSC affirmed Petitioner's conviction. Exhibit H. Petitioner then filed a state habeas petition but procedurally defaulted those claims which were not raised on direct review. *See* PFRD I [Doc. 24].

6. Petitioner then filed his application for writ of habeas corpus in this court on February 20, 2003. For a full statement of his claims, Petitioner refers this court to his state habeas petition and his untimely petition for writ of certiorari. Those petitions contain both the exhausted and procedurally defaulted claims, and one other unexhausted claim discussed *infra* at ¶ 8.

---

[2] The eight arguments advanced in the Statement of Issues and then briefed on appeal were based on the trial court's (1) denial of the motion to suppress; (2) denial of the motion to sever; (3) rescinding a prior discovery order; (4) limiting cross-examination of a witness; (5) denial of the motion for mistrial; (6) limiting of objections; (7) improper treatment of co-counsel; and (8) denial of the motion for directed verdict when the evidence was insufficient to convict. *See* Exhibit H. Additionally argued on appeal was cumulative error. *Id.*

2

7.  The court agrees with Respondent that most of Petitioner's claims are not cognizable. As Respondent points out, the state court's denial of Petitioner's motion to sever only raised issues of state law; no federal authority is cited and the claim is not identified as a federal claim. This is not an issue of exhaustion but one of jurisdiction. Federal courts are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Romano v. Gibson*, 239 F.3d 1156, 1166 (10th Cir. 2001).[3]

8.  There is one additional claim, however, that was neither procedurally defaulted nor exhausted: ineffective assistance of appellate counsel. That claim was raised for the first time in Petitioner's untimely petition for writ of certiorari and was thus never presented to the state courts. It appears that the New Mexico courts would still hear this claim. *See* NMSA § 31-11-6(A) ("A motion for [post-conviction relief] may be heard at any time.").

9.  The presence of an unexhausted claim makes this a mixed petition, which this court may not adjudicate. *See* § 2254(b)(1) & (c). The court therefore advises Petitioner that he may voluntarily dismiss his claim of ineffective assistance of appellate counsel and the court will set a briefing schedule on the four identified issues.

---

[3] Additionally, federal claims must be "fairly presented" to the state courts. *See Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347 (2004); *Duncan v. Henry*, 513 U.S. 364 (1995); *Picard v. Connor*, 404 U.S. 270 (1971). This means that the claim must clearly be identified as a federal claim to the state court. *Baldwin*, 541 U.S. at --, 124 S.Ct. at 1351. This issue arises when a petitioner attempts to raise a federal claim on his federal petition that was not presented as such to the state court. When claims are not "fairly presented," they are not exhausted. As indicated in the text, Petitioner here merely raises state law claims in both state and federal court.

Alternatively, Petitioner may seek voluntary dismissal of the entire petition to pursue his state court remedies, although any attempt to re-file in federal court may be barred by the one-year limitation of actions, see §2244(d)(1) or by the petition being deemed second or successive, see § 2244(b)(1).

## RECOMMENDED DISPOSITION

I recommend that Petitioner's Motion for Leave to File Sur-Reply [Doc. 35] be granted. I recommend that Respondent's Alternative Motion to Dismiss [Doc. 26] be granted as to the five aforementioned claims that are not cognizable on federal habeas review.

Richard L. Puglisi
United States Magistrate Judge